BASKIN *vs.* VERNON.

1. Whether or not a mortgage executed in Alabama conveyed title, and whether or not it would be enforced in this state as title, the fact that such a mortgage was recorded in Alabama was no proof of its execution, on a trial in Georgia, and in the absence of other proof of execution, it was properly rejected from evidence    27 *Ga.*, 96

2. Trover having been brought to recover a mule, and the plaintiff having shown no title in writing, and no possession by him, a non-suit was properly awarded.

Judgment affirmed.

December 2, 1885.

JACKSON, Chief Justice.

[Baskin brought bail trover against Vernon for a mule. On the trial. the evidence in behalf of the plaintiff, as to

the title, was, in brief, as follows: In January, 1881, Bas-kin instructed one Cooper to buy a mule to cultivate a crop on the place of the former, and agreed to give a joint note with Cooper therefor, with the understanding that he (Baskin) was to "have a prior lien on the same until paid for." This was done, and subsequently Baskin paid the note. He had received from Cooper only $26.77 on the purchase money. Cooper took the mule and worked it on the plantation of Baskin, keeping it in the stable on the place until about November, when he " absconded," carrying the mule with him. All this was in Alabama. In December, the animal was found in the possession of defendant in Bartow county, Georgia, and the latter did not deny that he bought it from Cooper. Plaintiff never consented to any transfer of the mule. He offered to testify that he considered the mule in his possession, but this was ruled out.

Plaintiff offered in evidence a mortgage from Cooper to him, executed in Alabama and recorded there, giving a statutory lien upon the crop of Cooper, under the statute of that state, and conveying the mule to plaintiff with a condition to be void on payment of his indebtedness, and a right to seize and sell on failure to pay, or in case of an attempted removal without plaintiff's consent. This was attested by two witnesses, and an endorsement showed that it had been recorded as a mortgage in the office of the judge of the probate court of Etowah county, Alabama. On objection, this was rejected, and a non-suit was granted. Plaintiff excepted.]